IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
OCT 09 2009
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

| | |
|---|---|
| DAVID B. BRIGGMAN, | ) |
| Plaintiff, | ) Civil Action No. 5:09CV00040 |
| v. | ) **MEMORANDUM OPINION** |
| MELISSA ROSS, et al., | ) By: Hon. Glen E. Conrad |
| Defendants. | ) United States District Judge |

On June 4, 2009, the plaintiff, David B. Briggman, proceeding pro se, filed this action under the Driver's Privacy Protection Act of 1994 ("DPPA"), 18 U.S.C. §§ 2721-2725, alleging that the eleven named defendants, all employees of the Division of Child Support Enforcement ("DCSE") of the Virginia Department of Social Services, accessed his Virginia Department of Motor Vehicles ("DMV") records "without any legal excuse and in violation of the DPPA." (Compl. at 6). The defendants have moved to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can may be granted. For the reasons that follow, the court will grant the defendants' motion.

### Factual and Procedural Background

In his complaint, Briggman alleges that he "has been involved in protected litigation with the [DCSE] since the agency charged [him] with contempt of court for having paid too much child support, resulting in a jail sentence[] of four months for [his] failure to obey an order of the court." (Compl. at 1). Briggman alleges that the DCSE improperly suspended his driver's license on two occasions, the first in October of 2007 and the second in March of 2008. After he was charged with "driving while suspended" on four occasions following the March 2008 suspension, Briggman subpoenaed his DMV records and learned that "over the two years prior to

the filing of this complaint, DCSE employees have accessed numerous DMV records – sometimes as frequently as four times a day, on a daily basis." (Compl. at 5). Briggman contends that "such access by DCSE employees while in the middle of constant litigation for the past several years would have no permissible purpose under Virginia law and such access would constitute a violation of the federal Driver's Privacy Protection Act." (Compl. at 5).

Briggman filed the instant action against the DCSE employees on June 4, 2009, seeking liquidated damages, punitive damages, and injunctive relief. Although Briggman requested and was granted leave to file an amended complaint, no amended complaint was ever filed and the time for doing so has expired.

On August 7, 2009, the defendants moved to dismiss Briggman's complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court held a hearing on the defendants' motion on October 1, 2009. The motion is fully briefed and ripe for review.

## Standard of Review

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of

2

the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

## Discussion

The DPPA "regulates the disclosure of personal information contained in the records of state motor vehicle departments (DMVs)." Reno v. Condon, 528 U.S. 141, 143 (2000). One section of the DPPA prohibits the disclosure of personal information by a DMV or any officer, employee, or contractor thereof, see 18 U.S.C. § 2721(a), while another section provides a private cause of action against a "person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under [the DPPA]," see 18 U.S.C. § 2724(a).

The DPPA identifies fourteen "permissible uses" of personal information, two of which are relevant in this case:

> (b) Permissible uses. Personal information . . . may be disclosed as follows:
>
> > (1) For use by any government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions.
> >
> > . . . .
> >
> > (4) For use in connection with any civil, criminal, administrative or arbitral proceeding in any Federal, State, or local court or agency or before any self-regulatory body, including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgments or orders, or pursuant to an order of a Federal, State, or local court.

3

18 U.S.C. § 2721(b)(1) and (4). The permissible uses set forth in § 2721(b) are not affirmative defenses for which a defendant carries the burden of proof; instead, the plaintiff bears the burden of showing that the obtainment, disclosure, or use of personal information from his motor vehicle records was not for a purpose enumerated in that section.[*] Thomas v. George, Hartz, Lundeen, Fulmer, Johnson, King & Stevens, P.A., 525 F.3d 1107, 1111-1114 (11th Cir. 2008) (refusing to shift the burden of proof to the defendant, since "Congress [did] not squarely address the question, . . . the statute's structure and language do not suggest a shift of the burden to the defendant . . . , and . . . plaintiffs are not peculiarly at a disadvantage in the discovery of necessary facts"); see also Shadwell v. Clark, Civil Action No. 5:09CV00041, 2009 U.S. Dist. LEXIS 58335, at *5 (W.D. Va. Jul. 9, 2009) (Wilson, J.) (holding that the permissible uses set forth in the DPPA are not affirmative defenses) (citing Thomas, supra).

Applying these principles, the court agrees with the defendants that the allegations in Briggman's complaint are not "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Briggman asserts, in a conclusory fashion, that the defendants violated the DPPA by accessing his DMV records, his complaint does not contain any factual allegations that plausibly suggest that the defendants accessed his records "for a purpose not permitted under [§ 2721(b)]." 18 U.S.C. § 2724(a). To the contrary, given the fact that Briggman's DMV records were accessed "while [he was] in the middle of constant litigation" with the DCSE (Compl. at 5), Briggman's complaint suggests that the two permissible uses

---

[*] The court notes that the DPPA distinguishes between "personal information" and "highly restricted personal information." See 18 U.S.C. § 2725(3) and (4). Nonetheless, "highly restricted personal information," such as an individual's photograph, social security number, or medical information, may also be disclosed pursuant to the permissible uses set forth in 18 U.S.C. § 2721(b)(1) and (4).

4

outlined above – the first allowing "any government agency" to use a driver's personal information "in carrying out its functions," and the second permitting the use of such information "in connection with any civil, criminal, administrative, or arbitral proceeding" – are applicable in this case. See 18 U.S.C. § 2721(b)(1) and (4). For these reasons, the court concludes that Briggman has failed to state a claim upon which relief can be granted. Accordingly, the court will grant the defendants' motion and dismiss the complaint without prejudice.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

ENTER: This 9th day of October, 2009.

*/s/ Glen Conrad*
United States District Judge